**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| ANTONIO POWELL, ) | |
| ) | |
|      **Petitioner,** ) | |
| ) | |
| v. ) | **Case No. 4:15-CV-00997-NCC** |
| ) | |
| KELLY MORRISS,[1] ) | |
| ) | |
|      **Respondent.** ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ

of Habeas Corpus by a Person in State Custody (Doc. 1). The parties have consented to the

jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)

(Doc. 6). After reviewing the case, the Court has determined that Petitioner is not entitled to

relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

## I. BACKGROUND

On November 15, 2011, Petitioner was convicted by a jury in the Circuit Court of St.

Louis City, of one count of trafficking in drugs in the second degree (Doc. 7-5 at 4). On January

12, 2012, the Circuit Court sentenced Petitioner to a term of fifteen years in the custody of the

Missouri Department of Corrections (*Id.*). Petitioner appealed the judgment on September 25,

2012, raising two claims:

> (1) The trial court erred by allowing the State to make an adverse inference about "Barbra Johnson" not being called as a witness for the defense; and

> (2) The trial court erred by ordering jurors to continue to deliberate after the jurors explicitly told the court, by note, that they would be unable to come to a unanimous

---

[1] Petitioner is currently incarcerated at Algoa Correctional Center in Jefferson City, Missouri. Kelly Morriss is the Warden and proper party respondent. 28 U.S.C. § 2254, Rule 2(a).

decision even after further deliberation.

(Doc. 7-2). On March 12, 2013, the Missouri Court of Appeals affirmed Petitioner's conviction

and sentence on direct appeal (Doc. 7-6; *State v. Powell*, 393 S.W.3d 617 (Mo. Ct. App. 2013)).

On June 27, 2013, Petitioner filed a *pro se* motion for post-conviction relief (Doc. 7-7 at

5-10). On October 14, 2013, with the assistance of counsel, Petitioner filed an amended motion

for post-conviction relief (*Id.* at 14-23). On March 5, 2014, without an evidentiary hearing, the

motion court denied Petitioner's amended motion (*Id.* at 24-27). On July 7, 2014, Petitioner,

with the assistance of counsel, filed an appeal raising one claim:

> (1) The motion court clearly erred in denying Petitioner's request for relief without a
> hearing because he alleged facts not conclusively refuted by the record which, if proven,
> would entitle him to relief in that he was denied his right to effective assistance of
> counsel because trial counsel failed to object to an erroneous jury instruction which did
> not comply with the Notes on Use.

(Doc. 7-8). On February 10, 2015, the Missouri Court of Appeals for the Eastern District

affirmed the motion court's denial of the motion (Doc. 7-10; *Powell v. State*, 454 S.W.3d 417

(Mo. Ct. App. 2015)).

On June 24, 2015, Petitioner filed his Petitioner under 28 U.S.C. § 2254 for Writ of

Habeas Corpus by a Person in State Custody raising the following three grounds for relief:

> (1) The trial judge made coercive statements to the jury when he directed the jury to
> continue deliberations (Doc. 1 at 5);
>
> (2) Trial counsel was ineffective for failing to object to the judge's allegedly coercive
> statements and for failing to argue that the drugs in evidence did not weigh enough to
> satisfy the charge of trafficking drugs in the second degree (*Id.* at 6); and
>
> (3) Petitioner did not receive an "evidentiary hearing for this case, I was brought to trial
> after being held in the department of corrections" (*Id.* at 8).

## II. DISCUSSION

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited

and deferential review of underlying state court decisions." *Lomholt v. Iowa*, 327 F.3d 748, 751

(8th Cir. 2003).  Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004).

However, here, Petitioner's grounds are procedurally defaulted and may not give rise to federal habeas relief.  To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted).  A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition.  *Id.* at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted.  *Id.* at

1022 (quoting *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. *Id.* "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Petitioner failed to raise Grounds 2 or 3 before the state courts. In Ground 2, Petitioner argues that trial counsel was ineffective both for failing to object to the trial court's allegedly coercive statements regarding deliberation and for failing to argue that the drugs in evidence did not weigh enough to satisfy the charge of trafficking drugs in the second degree (Doc. 1 at 6). Such a claim is properly raised before the state courts on post-conviction relief. However, here, Petitioner did not raise either portion of Ground 2 before the post-conviction appellate court (*See* Doc. 7-8). In Ground 3, Petitioner appears to assert that he was denied an evidentiary hearing at some point during his period of incarceration, perhaps even during his pre-trial detention (Doc. 1 at 8). Petitioner did not raise such a claim either on direct appeal or before the post-conviction appellate court. While his claim for relief before the post-conviction appellate court includes a challenge to the motion court's decision not to grant him an evidentiary hearing, even if the Court were to assume that Petitioner was raising an issue regarding the denial of an evidentiary hearing before the motion court, such a claim would be non-cognizable on federal review as such a determination is a matter of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). *See also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) (internal quotations and citations omitted) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings,

an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.").

Finally, although Petitioner raised Ground 1 before the state court on direct appeal, the Missouri Court of Appeals noted that Petitioner conceded that this point was not preserved for appeal but nevertheless reviewed the claim for plain error (Doc. 7-6 at 5). However, under Eighth Circuit law, a state court's discretionary plain-error review of unpreserved claims cannot excuse a procedural default. *Clark v. Bertsch*, 780 F.3d 873, 877 (8th Cir. 2015); *see also Floyd v. Griffith*, No. 4:15CV1145 JCH, 2016 WL 199078, at *1 (E.D. Mo. Jan. 15, 2016) (finding petitioner's failure to raise a claim of suggestive identification procedures in a motion for new trial, and the appellate court's review of the claim only for plain error, constituted a procedural default). Thus, the undersigned finds that Grounds 1-3 are procedurally defaulted and will deny Petitioner relief.

## III. CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal habeas relief. Furthermore, Petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*, 297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28

U.S.C. § 2253.

Dated this 16th day of July, 2018.

     /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE